## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Kiril Zahariev, | Case No.: 9:25-cv-2801-RMG-MGB |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT**<br>**JURY TRIAL DEMANDED** |
| Gower Family Dentistry, LLC<br>Dr. Jessica Gower | |
| Defendants | |

This action is brought by Plaintiff, Kiril Zahariev ("Zahariev"), in response to repeated acts committed by Gower Family Dentistry LLC and Dr. Jessica Gower; specifically, the dental practice and Dr. Gower engaged in false advertising, breach of contract, negligent misrepresentation, general negligence, fraudulent concealment, breach of contract with fraudulent intent and fraudulent balance billing, which are unlawful under the South Carolina Unfair Trade Practices Act. In addition, the unscrupulous actions of Defendants are in violation of the No Surprises Act, 26 U.S. Code § 9816. Lastly, Defendants actions are in violation of the ADA Code of Professional Conduct and Principle of Nonmaleficence.

The Plaintiff Kiril Zahariev named above, complaining of the Defendants herein, would respectfully show unto the Court:

## PARTIES

1.      Plaintiff Kiril Zahariev ("Plaintiff") is a citizen and resident of the State of South Carolina.

2.      Defendant Gower Family Dentistry LLC is a corporation organized and existing under the laws of the State of South Carolina. Defendant Dr. Jessica Gower is an employee/agent/co-owner of Gower Family Dentistry.

3.      At all times relevant herein Gower Family Dentistry LLC and Dr. Gower are doing business in the State of South Carolina.

## JURISDICTION & VENUE

4.      The jurisdiction of this Court rests on 28 USC, Chapter 85, Section 1331 and because the amount in controversy is in excess of $76,000.00.

5.      This Court has personal jurisdiction because the events giving rise to the matter in controversy occurred within the State of South Carolina.

6.      This Court has supplemental jurisdiction to hear and decide relevant causes of action arising under the laws of the State of South Carolina.

7.      Venue is proper under 28 U.S.C. § 1391(b), as all events giving rise to the claims occurred in this district.

8.      Venue is proper in this division pursuant to Local Civil Rule 3.01 DSC.

9.      All of the aforementioned Defendants have purposefully availed themselves to the jurisdiction of the State of South Carolina.

## FACTUAL ALLEGATIONS

10.    Plaintiff became patient of Gower Family Dentistry and Dr. Gower on or around June 20, 2023. Plaintiff has dental coverage under his wife's employer sponsored health plan, Anthem of Blue Cross Blue Shield, and is also on Medicare. Gower Family Dentistry and Dr. Gower were "In Network" providers per their contract with Anthem.

11.    Dr. Gower and Gower Family Dentistry advertise cosmetic dentistry as part of their care to patients and Dr. Gower advertises herself as "General and *Cosmetic* Dentist".

12.    Dr. Gower and Gower Family Dentistry advertise on their website that they are "committed to providing quality dental services using the latest in dental technology *to create a smile you will love. Each patient can expect a tailor-made experience based on their individual needs and goals for a beautiful more confident smile*"

13.    Dr. Gower specifically advertises herself as "well-versed in various treatment modalities, including implant restorations" on Gower Family Dentistry website.

14.    Gower Family Dentistry and Dr. Gower intended patients such as Plaintiff to rely on their representations as to Dr. Gower's cosmetic dentist qualifications, proficiency, licensing and insured status

15.    Mr. Zahariev engaged the services of Gower Family Dentistry and Dr. Gower specifically because he needed a top of the line cosmetic dentist to restore his front missing teeth on Nos. 5&6 and create aesthetically pleasing dental implant restorations, blending seamlessly with his natural teeth.

16.    Plaintiff relied on the representations of Gower Family Dentistry and Dr. Gower that Gower was qualified as cosmetic dentist, licensed, accredited, proficient, and insured before

entering into an agreement with Gower to restore his front missing teeth.

17.    Initially, Defendants gave Plaintiff a "Proposed Treatment Plan" for restoring his front teeth in the amount of $3800.00, recertified in October, 2023. **EXHIBIT A.**

18.    It took several months for Plaintiff to come up with the requested amount. When he appeared at Gower Family Dentistry in May, 2024 ready to start treatment, Defendants unilaterally changed the treatment plan amount to $4,856.00. **EXHIBIT B.**

19.    Due to the sudden increase, Plaintiff was unable to start treatment and demanded an explanation. Defendants Operational Manager Lauren Wade told Plaintiff that the increase was due to the fact Defendants had hired a new hygienist and had higher overhead costs.

20.    On October 7, 2024, Plaintiff received a precertification letter/Estimate of Benefits from Anthem Blue Cross Blue Shield. The letter stated that the "Patient Owes" amount is $3,436.00. The letter also indicated that the provider, Jessica Gower is in network. **EXHIBIT C.**

21.    On October 16, 2024, Plaintiff appeared at Gower Family Dentistry. He showed Dr. Gower the Anthem precertification letter and offered to cover half of the "Patient Owes" amount or $1,718.00 upfront so Dr. Gower can start work on his missing front teeth.

22.    Dr. Gower refused Anthem's explanation of benefits and Plaintiff's offer. Dr. Gower declined to sign Anthem's precertification letter, although she was obligated to do so under her and her practice participating provider clause with Anthem.

23.    On that same day, Dr. Gower sent Mr. Zahariev an email, clarifying that his first payment without coping fees would be $2,218.00 and second payment without coping fees would be same amount of $2,218.00 for a total of $4,436.00. Dr. Gower also informed Mr. Zahariev that "timely insurance and reimbursement submittance is her practice's current policy and model".

24.    Out of desperation and due to the fact he didn't want to procrastinate the restoration of his front teeth, Mr. Zahariev accepted Dr. Gower's proposal and on October 24, 2024, he appeared at Gower Family Dentistry for implant crowns and abutments impressions.

25.    Upon entering the waiting room area of Defendants, Mr. Zahariev was greeted by Gower Family Dentistry's patient coordinator Tomeka and told that "before you get comfortable in the chair, I need to collect your payment of $2,218.00".

26.    Mr. Zahariev complied but pointed out to the patient coordinator that other patients of the practice were making payment only _after_ being seen by Dr. Gower and receiving services. Tomeka told Mr. Zahariev that his case was different, because "it is a lot of money, and she was instructed to collect his payment before seeing the doctor".

27.    During the impression session with Dr. Gower, Mr. Zahariev specifically requested that the new crown prosthetics match the angle, contour and shape of the natural teeth. He also pointed out that he wants the new crowns to mimic the small gap between the opposing front teeth.

28.    Dr. Gower told Mr. Zahariev "absolutely", and assured him she will give detailed instructions to her dental lab.

29.    On November 18, 2024, Mr. Zahariev appeared at Gower Family Dentistry for the delivery and cementing of the abutment retained implant crowns. Mr. Zahariev specifically requested that the new crowns be seated with a temporary cement, so he can try them out and make a decision prior to permanent cementation. Dr. Gower told patient that "that is not possible".

30.    On November 20, 2024, Mr. Zahariev appeared again at Gower Family Dentistry and complained to Dr. Gower about the appearance and contour of #6 crown and the fact it does not match the appearance and contour of #11 canine tooth on the opposite side of the jaw. Mr.

Zahariev requested that Dr. Gower take the crown down and make a new one, to match Mr. Zahariev's aesthetical desires.

31.     Dr. Gower refused to take the crown down and make a new one. She told patient that "his aesthetical wishes cannot be accommodated", because of the way the implants were placed in the patient's jaw.

32.     On that same day, November 20, 2024, Mr. Zahariev sent a detailed email to Dr. Gower, specifically stating that " I specifically requested **symmetrical** position of the crowns. No.6 is not aligned and considerably wider than No. 11." **EXHIBIT D.** In the same email, Mr. Zahariev demanded that "if your lab cannot achieve the desired contour of cusp/angle of No.6, then I respectfully request that you remove the crown and abutment of No. 6 , put the healing cap back on and issue me a refund, so I can I proceed with finding a lab or a cosmetic dentist (AACD) who specifically specializes in treating such cases."

33.     Mr. Zahariev did not receive a response from Dr. Gower. Instead, on November 21, 2024, Dr. Gower and Gower Family Dentistry unilaterally terminated Mr. Zahariev as patient. In their termination letter, Defendants explained that "it has become evident in recent months that the patient/office relationship is no longer a good fit".

34.     The decision of Gower Family Dentistry and Dr. Gower to terminate Mr. Zahariev as patient while there were unresolved issues with the implant restorations and at the peak of the holiday season caused Mr. Zahariev major inconvenience, substantial financial expenditures, mental anguish and emotional distress.

35.     Mr. Zahariev promptly consulted his oral surgeon Dr. Low for a recommendation of a cosmetic dentist and Dr. Low recommended Dr. Bonnie Rothell, accredited by the American Academy of Cosmetic Dentistry and Fellow of International Congress of Oral Implantology.

36.    On November 26, 2024, Mr. Zahariev was examined by Dr. Rothwell regarding his complaints with the appearance of the crowns placed by Dr. Gower. Dr. Rothwell concluded that "while adjustments might have helped with the symptoms of discomfort, it would not change the appearance or help it to match tooth #11…decision was made to replace the implant crown with a new one." **EXHIBIT E.**

37.    During his time as patient of Gower Family Dentistry [07/23-12/24] Mr. Zahariev was left without crowns on the front teeth [Nos. 5&6] for almost year and a half. Dr. Gower never even suggested that temporary crowns could be placed, which is a violation of the American Dental Association (ADA) Code of Ethics.

38.    Both Dr. Low and Dr. Rothwell were surprised by the fact Dr. Gower did not consider the option of offering temporary crowns to Mr. Zahariev, not in small part due to the fact leaving a patient without teeth for a prolonged period of time adversely affects his appearance and has a negative impact on overall dental health.

39.    On November 27, 2024, Mr. Zahariev filed a complaint against Gower Family Dentistry and Dr. Gower with SC Department of Labor, Licensing and Regulation.

40.    On December 10, 2024, SC DLLR forwarded Mr. Zahariev's complaint to Office of Investigations and Enforcement (OIE) and an investigator was assigned to the case. **EXHIBIT F.**

41.    Also in December 2024, Mr. Zahariev received a letter from his insurance carrier Anthem, advising that "Since the Provider [Dr. Gower] is In Network, he cannot charge you the full amount up front. Just your patient responsibility, which is $3,436.00." **EXHIBIT G.**

42.    On December 5, 2024, Anthem issued an Explanation of Benefits letter, disallowing Gower Family Dentistry charges in the amount of $4,556.00 and issuing no

reimbursement to Mr. Zahariev. **EXHIBIT H**. Upon inquiry made by Mr. Zahariev, Anthem explained that the claim was filed incorrectly by Gower Family Dentistry.

## FOR A FIRST CAUSE OF ACTION
### Violation of the South Carolina Unfair Trade Practices Act
### (As to All Defendants)

43. Each and every allegation contained in the preceding paragraphs is reiterated as if repeated verbatim to the extent it is not inconsistent with this cause of action.

44. Defendants are subject to S.C. Code Ann. § 39-5-10 *et. seq.* because they regularly engage in trade and commerce within the boundaries of the State of South Carolina including *inter alia* by maintaining website advertising "general and cosmetic dentistry" services and promoting YouTube and Facebook advertisements of the same.

45. The representation and advertising of Dr. Gower as a *cosmetic* dentist is an unlawful practice, because Dr. Gower is not accredited by the American Academy of Cosmetic Dentistry (AACD) and has only a general dentist license. **EXHIBIT I.**

46. The failure of Gower Family Dentistry and Dr. Gower to perform cosmetic dental work and/or representing that a provider is unlicensed and/or unqualified to perform such work has an impact on the public interest, *inter alia*, because it allows unscrupulous parties to deceive the public-at-large; the public policy of the State of South Carolina is to punish Defendants who deceptively take money for work they do not intend to perform, could not or should not have performed is not in the public's interest, etc.

47.     The conduct alleged herein is capable of repetition and/or already has been repeated because Gower Family Dentistry and Dr. Gower heavily advertise cosmetic dental services which involve the application of standards which Defendants lack. Defendants rely on the ignorance of their victims in not knowing about the accreditation required for a dentist to be considered a cosmetic dentist.

48.     Defendants lack procedures to abate or prevent such conduct from recurring or fail to enforce the same.

49.     The failure to properly perform the agreed upon cosmetic dental work and Defendants unscrupulous and unlawful advertising has caused Plaintiff to suffer actual and consequential damages, etc. in an amount as may be proved at trial and to be determined by the finder of fact.

50.     Plaintiff has suffered damages as will be proven at trial including, but not limited to, statutory trebled damages as allowed, actual and consequential damages.

## FOR A SECOND CAUSE OF ACTION
### Breach of Contract
### (As to All Defendants)

51.     Each and every allegation contained in the preceding paragraphs is reiterated as if repeated verbatim to the extent it is not inconsistent with this cause of action.

52.     Plaintiff on one side, and Gower Family Dentistry and Dr. Gower entered into a contractual agreement. Defendants agreed to perform prosthodontic work and Plaintiff agreed to pay for this work.

53.     Plaintiff paid the required/requested amount in advance for the work that had to be performed.

54.     Defendants breached the contract with Plaintiff when they failed to perform the work as agreed and/or as desired and anticipated by Mr. Zahariev

55.     As a result aforesaid, Plaintiff has suffered damages in an amount to be determined by the trier of fact.

### FOR A THIRD CAUSE OF ACTION

**Breach of Contract with Fraudulent Intent**
**Against Dr. Gower**

56.     Each and every allegation contained in the preceding paragraphs is reiterated as if repeated verbatim to the extent it is not inconsistent with this cause of action.

57.     At all times relevant herein, a contract existed between Plaintiff and Dr. Gower to do prosthodontic and cosmetic work in exchange for payments made.

58.     Dr. Gower misrepresented facts to Plaintiff including, *inter alia*:

(a) Her licensure;

(b) Her skill for performing the work;

(c) The stability and integrity of her company; and/or

(d) That Gower was a *cosmetic* dentist

59.     Dr. Gower intended for Plaintiff to rely on these misrepresentations.

60.     Gower knew or had a reckless disregard for the truth or falsity of her representations.

61.    Plaintiff had a right to rely on Gower.

62.    That as a result of aforesaid, Plaintiff has suffered a loss in an amount to be determined by the trier of fact.

63.    Plaintiff is also entitled to punitive damages as the result of Gower's willful, wanton and/or reckless conduct.

## FOR A FOURTH CAUSE OF ACTION
### Negligent Misrepresentation
### As to All Defendants

64.    Each and every allegation contained in the preceding paragraphs is reiterated as if repeated verbatim to the extent it is not inconsistent with this cause of action.

65.    Gower Family Dentistry and Dr. Gower represented Gower was qualified, skilled, insured and licensed as a cosmetic dentist.

66.    Plaintiff had a right to rely of the representations made by Defendants regarding Gower's qualifications as a cosmetic dentist.

67.    Plaintiff relied on the representations by Defendants when he hired Gower to work on his front teeth.

68.    As a result of aforesaid, Plaintiff has suffered actual damages, compensatory damages and consequential damages in an amount to be determined at trial plus punitive damages.

69.    The actions taken by Defendants herein was done willfully, wantonly, and/or with reckless disregard of the truth. As a result, Plaintiff is entitled to punitive damages.

## FOR A FIFTH CAUSE OF ACTION
### Fraud
### As to All Defendants

70.    Each and every allegation contained in the preceding paragraphs is reiterated as if repeated verbatim to the extent it is not inconsistent with this cause of action.

71.    Defendants made numerous representations to the Plaintiff, *inter alia:*

(a) Gower was a cosmetic dentist;

(b) Gower had the training and skill to perform cosmetic work on front teeth;

(c) that they are "committed to providing quality dental services using the latest in dental technology *to create a smile you will love. Each patient can expect a tailor-made experience based on their individual needs and goals for a beautiful more confident smile*"

(d) That Mr. Zahariev had to pay the full amount upfront <u>before</u> completing work, instead of just his patient responsibility per the Anthem Plan provisions;

(e) That  Gower was up to date with the latest cosmetic industry standards and technology.

72.    These representations by Defendants were materially false.

73.    Defendants knew or should have known these representations were false.

74.    Defendants knew or had a reckless disregard for the truth or falsity of their representations.

75.    Defendants intended for these representations to be relied upon by Mr. Zahariev.

76.    Plaintiff was ignorant of the falsity of the representations made by Defendants.

77.    That as a result of aforesaid, Plaintiff has suffered actual, consequential, and

special damages as may be awarded by the jury including prejudgment interest, post judgment interests, fees and costs.

78.     Zahariev is also entitled to punitive damages as the result of Defendant's willful, wanton and/or reckless conduct.

## FOR A SIXTH CAUSE OF ACTION

### VIOLATION OF THE NO SURPRISES ACT, 26 U.S. CODE § 9816.

79.     Each and every allegation contained in the preceding paragraphs is reiterated as if repeated verbatim to the extent it is not inconsistent with this cause of action.

80.      The No Surprises Act (NSA) protects uninsured (or self-pay) individuals from many unexpectedly high medical bills.

81.     At all times relevant herein, Gower Family Dentistry and Dr. Gower treated Mr. Zahariev as a self-pay patient because they demanded an upfront payment in full contrary to Anthem plan provisions

82.     At all times relevant herein, Gower Family Dentistry and Dr. Gower engaged in balance billing by billing Mr. Zahariev for the difference between what his plan pays and the full amount charged for a service.

83.     Gower Family Dentistry and Dr. Gower have a signed contract with Anthem. By violating the terms of Anthem's provisions and by engaging in fraudulent balance billing, Defendants violated  26 U.S. CODE § 9816

84.     Defendants violated 26 U.S. CODE § 9816 by failing to provide Mr. Zahariev with a good faith estimate, as required by the NSA.

85.     The estimates Defendants provided to Mr. Zahariev did not conform to the specifications outlined in the NSA for content requirements of a good faith estimate issued to an uninsured (or self-pay) individual, inter alia due to the following failures:

a)  include patient's date of birth

b)  include Name, <u>National Provider Identifier, and Tax Identification Number</u> of each provider or facility represented in the good faith estimate, and the state(s) and office or facility location(s) where the items or services are expected to be furnished by such provider or facility;

c)  A disclaimer that informs the uninsured (or self-pay) individual that the information provided in the good faith estimate is only an estimate regarding items or services reasonably expected to be furnished at the time the good faith estimate is issued to the uninsured (or self-pay) individual and that actual items, services, or charges may differ from the good faith estimate;

d)  A disclaimer that informs the uninsured (or self-pay) individual of that individual's right to initiate the PPDR process if the actual billed charges are substantially in excess of the expected charges included in the good faith estimate.

86.     As a result of aforesaid, Plaintiff has suffered actual damages, compensatory damages and consequential damages in an amount to be determined at trial plus punitive damages.

## <u>FOR A SEVENTH CAUSE OF ACTION</u>
### (Negligence/Gross Negligence)

87.     The Plaintiff re-alleges and incorporates herein by reference the allegations set forth above.

88.     As a provider and dental practice in oral care, Defendants owed a duty to the Plaintiff to exercise due care in filing <u>timely and accurate claims</u> on patient's behalf, conforming with all applicable standards, including but not limited to Anthem plan provisions, NSA, or otherwise, using good faith estimates and accurate billing practices.

89.     Defendants, their agents, servants, employees and/or affiliated or related companies were negligent, careless, reckless, willful and wanton in failing to handle properly Mr. Zahariev's insurance claims with Anthem in accordance with the applicable standards, approved plans and specifications, and in a careful, diligent, and honest manner, thereby breaching their duty to the Plaintiff.

90.     As a direct, foreseeable and proximate result of the negligence and gross negligence of Defendants, the Plaintiff has suffered significant financial injury, delay in benefits and mental anguish and emotional distress.

91.     The breach of duty and deviations from industry billing standards constitute gross negligence, entitling the Plaintiff to an award of all actual, consequential and punitive damages from the Defendants.

**<u>FOR AN EIGHTH CAUSE OF ACTION</u>**
**(Fraudulent Concealment)**

92.     The Plaintiff re-alleges and incorporates herein by reference the allegations set forth above.

93.     At all times relevant herein, Plaintiff was a patient of Gower Family Dentistry and Dr. Gower

94.     As set forth above, Defendants concealed and/or suppressed material facts concerning the purported qualifications and licensure of Dr. Gower as a cosmetic dentist.

95.     Defendants had a duty to disclose those facts, including that Gower has only a general dentist license and is not accredited by AACD, because Gower consistently marketed her services as cosmetic and using "the latest in dental technology *to create a smile you will love* and proclaimed that Defendants maintained the highest quality and satisfaction standards. Once Defendants made such representations to the public, Defendants were under a duty to disclose these omitted facts, because where one does speak, one must speak the whole truth and not conceal any facts which materially qualify those facts stated. One who volunteers information must be truthful, and the telling of a half-truth calculated to deceive is fraud.

96.     In addition, Defendants lied to Mr. Zahariev that the implant restorations cannot be secured with temporary cement. The determination of these facts requires no specialized knowledge, because a simple Google search and numerous online articles by top dentists confirm preference for temporary cementation for easy retrieval and correction of the prosthetics. Gower had a duty to disclose these omitted material facts because <u>Mr. Zahariev specifically requested temporary cementation of the prosthetics</u>.

97.     Defendants actively concealed and/or suppressed these material facts, in whole or in part, with the intent to induce Plaintiff to agree to have his prosthetics cemented permanently.

98.     Defendants acts were done maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiff's rights and well-being to enrich Defendants. Defendants conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff respectfully requests that this Court grant the following relief against the Defendants:

A. That this Court make inquiry into the matters herein alleged and then order that the Defendants be made to repay the Plaintiff's actual monetary damage, plus accrued interest, punitive damages, treble damages, and any and all other appropriate damages, including but not limited to compensatory and consequential;

B. That this Court deem that the Defendants be made to pay the Plaintiff's attorney's fees;

C. That this Court deem that the Defendants be made to pay the Plaintiff's costs and expenses related to bringing this action;

D. Any and all equitable relief as this Court deems fit, including but not limited to injunctive relief; and

E. For such other and further relief as this Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff hereby demands a trial by jury.

DATED: April 2, 2025

Respectfully Submitted,

Kiril A. Zahariev
15 Norris Ave
Bluffton SC 29910
tel. 843-757-5840