IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Kiril Zahariev, <br><br> Plaintiff, <br> v. <br><br> Gower Family Dentistry, LLC, and Dr. Jessica Gower, <br><br> Defendants. | Case No. 9:25-2801-RMG <br><br><br> **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 38) recommending Defendants' motion to dismiss (Dkt. No. 24) be granted. For the reasons stated below, the Court adopts the R&R as the order of the court, grants Defendants' motion as to Plaintiff's federal claims, and declines to exercise supplemental jurisdiction over Plaintiff's remaining claims, which it dismisses without prejudice.

**I.      Background**

Plaintiff alleges a variety of claims against Defendants for dental work performed in 2024, the details of which the R&R recounts. (Dkt. No. 38 at 3-8).

Plaintiff brings the following claims: (1) violation of the South Carolina Unfair Trade Practices Act; (2) Negligence per se "regarding the [Federal Trade Commission Act], 15 U.S.C. § 45"; (3) Breach of Contract; (4) Breach of Contract with fraudulent intent; (5) Negligent Misrepresentation; (6) Fraud; (7) violations of the "No Suprises Act, 26 U.S. Code § 9816, S.C. Code Ann. § 45-15-190(A)(11)"; (8) Negligence/Gross Negligence; (9) Fraudulent Concealment; (10) "Violations of 42 U.S.C. § 18116"; and (11) "42 U.S.C. § 1983 – Violation of Federal

1

Statute." (Dkt. No. 21 at 8-24). Plaintiff seeks, inter alia, actual, punitive, compensatory, and consequential damages.

Defendants moved to dismiss Plaintiff's complaint. (Dkt. Nos. 24, 34). Plaintiff filed a response in opposition to Defendants' motion. (Dkt. No. 31).

On October 10, 2025, the Magistrate Judge filed an R&R recommending Defendants' motion to dismiss be granted as to Plaintiff's federal claims, and that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (Dkt. No. 38).

Plaintiff filed objections to the R&R, (Dkt. No. 44), to which Defendants filed a reply, (Dkt. No. 45).

Defendants' motion is ripe for disposition.

## II.  Legal Standards

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore

a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### III. Discussion

After a de novo review of the record, the Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that Plaintiff's federal claims must be dismissed.

Beginning with the FTC Act and the No Suprises Act, the Magistrate Judge correctly determined neither law contained a private right of action. (Dkt. No. 38 at 8). *E.g. Fisher v. Walgreens*, No. 117CV00225MOCWCM, 2019 WL 1440320, at *5 (W.D.N.C. Mar. 29, 2019), *aff'd*, 780 F. App'x 61 (4th Cir. 2019), *cert. denied*, 141 S. Ct. 172 (2020) (no private right of action because Congress has vested authority in FTC alone to bring FTC Act claims); *Guardian Flight, L.L.C. v. Health Care Serv. Corp.*, 140 F.4th 271, 275 (5th Cir. 2025), *cert. denied*, No. 25-441, 2026 WL 79855 (U.S. Jan. 12, 2026) (no private right of action for No Suprises Act because its "structure conveys Congress's policy choice to enforce the statute through administrative penalties, not a private right of action").

Plaintiff objects to these findings. He claims the R&R erred by concluding he is bringing an FTC Act claim. (Dkt. No. 44 at 17). Instead, Plaintiff contends he is bringing a SCUTPA claim with the FTC Act as a "federal ingredient" and that Plaintiff's federal ingredient theory provides federal question jurisdiction. (*Id.*).

The Court overrules the objection.

First, Plaintiff misrepresents what his own complaint alleged. In count two, Plaintiff alleged "negligence per se regarding FTC Act." (Dkt. No. 21 at 10). Plaintiff alleged that

"Defendants violated their duty under Section 5 of the FTC Act," that this was negligence "per se" and that Defendants' breach of the FTC Act caused Plaintiff damages. (*Id.* at 11-12). As noted above, there is no private right of action under the FTC Act, and the Court dismisses Plaintiff's FTC Act claim.

As to SCUTPA, Plaintiff brought this claim as its own cause of action in count one. (*Id.* at 8-9). Plaintiff did allege that the "SC legislature" intended courts to "constru[e] SCUTPA" with reference to the FTC Act. Nevertheless, neither this allegation nor Plaintiff's argument based on *Grable & Sons Metal Products, Inc. v. Darue Engineering & Management*, 545 U.S. 308 (2005) shows the Court has federal question jurisdiction over Plaintiff's SCUTPA claim. (Dkt. No. 44 at 18) (arguing "in order to resolve Plaintiff's false advertising claim, the court will necessarily have to turn for guidance" to the FTC Act and that this provides federal jurisdiction).

"There is a ' "slim category" of cases ... in which state law supplies the cause of action but federal courts have jurisdiction under § 1331 because "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." ' " *Mayor & City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 208–09 (4th Cir. 2022) (quoting *Burrell v. Bayer Corp.*, 918 F.3d 372, 380 (4th Cir. 2019)). "Federal courts must be 'cautious' in exercising this form of jurisdiction because it lies at the 'outer reaches of § 1331.' " *Id.* (quoting *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 810, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)). "The Supreme Court has emphasized that the 'mere presence of a federal issue in a state cause of action *does not automatically* confer federal-question jurisdiction.' " *Id.* (quoting *Merrell Dow*, 478 U.S. at 813, 106 S.Ct. 3229 (emphasis added) (citations omitted)).

To ensure complaints alleging only state-law claims are not in federal court when they merely implicate federal issues, the Supreme Court established a four-prong test for determining

4

the existence of federal-question jurisdiction. *See Grable*, 545 U.S. at 314, 125 S.Ct. 2363. Federal-question jurisdiction exists over a state-law claim if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, *and* (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013) (emphasis added).

Plaintiff's argument that his SCUTPA claim falls into the "slim category' of cases described above fails for at least one glaring reason. Plaintiff's SCUTPA claim does not raise a "substantial" federal issue. There is no private cause of action under the FTC Act. And as the Supreme Court stated in *Merrell Dow*, "the congressional determination that there should be no federal remedy for the violation of [a] federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." 478 U.S. at 814. For this reason alone, Plaintiff's argument fails.

In sum, the Court dismisses Plaintiff's FTC Act and No Suprises Act claims.

Next, the R&R recommends dismissing Plaintiff's Affordable Care Act claim because he has not plausibly alleged intentional discrimination. (Dkt. No. 38 at 9).

The R&R correctly determined that Plaintiff's ACA claim fails. "Section 1557 does not create new bases of prohibited discrimination, but rather incorporates the grounds of four longstanding federal nondiscrimination statutes: Title VI, Title IX, the ADA, and Section 504. The implementing Rule [attempts] to merely 'clarif[y] and codif[y] *existing* nondiscrimination requirements' incorporated in Section 1557." *See Church Ekklasia Sozo Inc. v. CVS Health Corp.*, No. 3:20-CV-00382-RJC-DSC, 2022 WL 1572732, at *7 (W.D.N.C. Feb. 25, 2022). Here,

Plaintiff alleges discrimination based on national origin in violation of Title VI. (Dkt. No. 21 at 21).

"To survive a motion to dismiss under Title VI, a plaintiff must plead sufficient facts supporting (1) the defendant is a recipient of federal financial assistance; and (2) the defendant intentionally discriminated against plaintiff on the basis of race, color, or national origin." *Lucas v. VHC Health*, 128 F.4th 213, 221 (4th Cir. 2025).

Plaintiff's complaint, however, contains no plausible, non-conclusory allegations of intentional discrimination based on his national origin. (Dkt. No. 38 at 10) (noting amended complaint contains one conclusory allegation that Defendants billed him differently, delayed his dental work, refused to replace his prosthetics, and terminated him as a patient because he is Bulgarian, but noting complaint is devoid of "facts or circumstances from which the Court could infer that Defendant even knew Plaintiff was Bulgarian, let alone discriminated against him"); (*Id.* at 10 & n.2) (further reasons for why Plaintiff's allegations are not plausible).

Plaintiff's objections to this portion of the R&R miss the mark.[1] (Dkt. No. 44 at 4-6). Plaintiff repeats his allegation that Defendants discriminated against him "solely due to his national origin status and linguistic abilities." (*Id.* at 4-5). Plaintiff then concludes that the R&R erred

---

[1] In his objections, Plaintiff attempts to raise a new claim under the ACA for retaliation. (Dkt. No. 44 at 10-11). Plaintiff failed to raise this argument previously, either in his complaint or his opposition to Defendants' motion to dismiss, so the Court cannot consider it. Nevertheless, the claim would fail because Plaintiff does not allege a protected activity. *See Perkins v. Univ. of Maryland, Baltimore Sch. of Nursing*, No. CV RDB-24-1688, 2025 WL 1371486, at *7 (D. Md. May 12, 2025).

because it recommended dismissing his claim and the ACA "prohibits discrimination based" on linguistic abilities and national origin. (*Id.*).

This objection, however, completely avoids the R&R's pertinent analysis—that the amended complaint lacks plausible *factual* allegations that Defendants discriminated against him based on his national origin or linguistic abilities.

Plaintiff's other objections to the R&R on this point are equally deficient. (Dkt. No. 44 at 4).

Plaintiff argues that Defendants knew he was Bulgarian because medical providers generally are "required by law to collect certain demographic" data. (*Id.*). Plaintiff, however, does not point to allegations showing Defendants collected data from him indicating that he was Bulgarian. So, this objection fails.

Plaintiff also points to an exhibit attached to his objections wherein he claims Defendants noted Plaintiff returned from travel to Europe. (*Id.*). This exhibit is a nonstarter as well.

Assuming the Court can even consider[2] this document, it does not help Plaintiff. Even if Plaintiff told Defendants he was traveling to "his home country in Europe," this allegation would not cure the fact that the amended complaint contains no plausible allegations demonstrating Defendants intentionally discriminated against Plaintiff on this basis.

For the reasons stated above, the Court dismisses Plaintiff's ACA claim.

---

[2] "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *See Sadler v. Pella Corp.*, 146 F. Supp. 3d 734, 760 n.13 (D.S.C. 2015)

Next, the Magistrate Judge addressed Plaintiff's § 1983 claims against Defendants. (Dkt. No. 38 at 9-13).  At bottom, the Magistrate Judge recommended dismissal of these claims because Plaintiff had not alleged plausibly Defendants were states actors amenable to suit under § 1983.

The R&R correctly recommended dismissing Plaintiff's § 1983 claims because Plaintiff has not alleged plausibly that Defendants are state actors. *See DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999) ("The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions.").  Here, Defendants are private actors (a dentist and an LLC) and the operative complaint contains no plausible factual allegations that Defendants' conduct regarding Plaintiff's dental treatment is "fairly attributable to the State." *Id.*

Only a "handful of contexts" have been identified where the conduct of an "ostensibly private actor is under color of law for purposes of section 1983." *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 342 (4th Cir. 2000).  These include where: (1) in light of all circumstances, the Government "did more than adopt a passive position toward the underlying private conduct,"; (2) where a state delegates its obligations to private actors; (3) where the government confers "sovereign power" on a private party; and (4) where there is "private use of . . . challenged state procedures with the help of state officials." *Id.*

Plaintiff objects to the R&R's recommendation that his § 1983 claims be dismissed. Plaintiff contends he adequately alleged Defendants are state actors. (Dkt. No. 44 at 15-17). In the operative complaint, Plaintiff alleges he filed a complaint against Defendants with the "SC Department of Labor, Licensing and Regulation" and that, after the complaint was forwarded to it, the "Office of Investigation and Enforcement (OIE) and an investigator was assigned to the case." (Dkt. No. 21 ¶¶ 39, 40). Plaintiff concludes that Defendants are adequately alleged to be

state actors because they "participated" in OIE's investigation. (*Id.* ¶ 122) ("Defendants have participated, have been interviewed and investigated in an action of the SC Office of Investigation and Enforcement.").

The Court overrules the objection. Defendants' cooperation with a state agency investigating Plaintiff's own complaints about Defendants does not constitute state action. *See DeBauche*, 191 F.3d at 506-07; *Goldstein*, 218 F.3d at 342; *see also, e.g.*, *Peterson v. City of Greenville,* 373 U.S. 244, 248, 83 S.Ct. 1119, 10 L.Ed.2d 323 (1963) (finding state action where restaurant excluded patrons based on their race, in compliance with local ordinance); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 171, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (holding that private entity acts under color of law if private action was "because of a state-enforced custom"); *West v. Atkins,* 487 U.S. 42, 54, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (holding that physician, who treated inmates pursuant to part-time contract, was fulfilling state's Eighth Amendment obligations and therefore acted under color of state law). The Court dismisses Plaintiff's § 1983 claims.

Last, after finding that Plaintiff's federal claims were all subject to dismissal, the R&R recommended declining to exercise supplemental jurisdiction and dismissing Plaintiff's remaining state law claims. (Dkt. No. 38 at 13).[3]

---

[3] To be precise, the R&R recommend "remanding" Plaintiff's remaining claims to state court. But Plaintiff filed this action in federal court, so dismissal is the proper course. *Banks v. Gore*, 738 F. App'x 766, 773 (4th Cir. 2018) (noting that "[g]enerally, when a district court dismisses all federal claims in the early stages of litigation"—e.g., at the summary-judgment stage—"it should decline to exercise jurisdiction over any remaining pendent state law claims by dismissing those claims without prejudice.")

Plaintiff objected to this finding, contending that diversity jurisdiction exists over his state law claims because he is a Bulgarian citizen. (Dkt. No. 44 at 2-4).

Twenty Eight U.S.C. § 1332(a)(2) reads that district courts have original jurisdiction over civil actions between "citizens of a State and citizens or subjects of a foreign state" where the matter in controversy exceeds $75,000 "except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." Defendants are unquestionably domiciled in South Carolina. (Dkt. No. 21 ¶¶ 2, 3). In the operative complaint, Plaintiff alleged he is originally from Bulgaria but "a resident of the State of South Carolina." (Dkt. No. 21 at 2). Further, in previous litigation, Plaintiffs has indicated he is a South Carolina resident. *See* (Dkt. No. 38 at 13 n.3).

Plaintiff objects to the finding that he is domiciled in South Carolina, reiterating he alleged he was "originally from" Bulgaria. (Dkt. No. 44 at 2). Plaintiff also argues that 28 U.S.C. § 1653 allows him to "amend[] . . . technically defective jurisdictional allegations." (*Id.*).

The Court overrules Plaintiffs' objections and declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's complaint clearly indicates he resides in South Carolina on a fixed and permanent basis (i.e., domiciled)—a fact which Plaintiff has likewise represented time and again in other lawsuits before the Court. (Dkt. No. 38 at 13 n.3). Thus, the parties here are not diverse. Further, § 1653 does not help Plaintiff because his "allegations" are not "defective"—rather, the substantive fact is that Plaintiff is unquestionably domiciled in South Carolina. *See also* (Dkt. No. 45 at 11) (noting Plaintiff has alleged in other litigation that he is "domiciled" in South Carolina in order to receive a "favorable 4% property tax assessment").

**Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 38) as the Order of the Court, **GRANTS** Defendants' motion to dismiss, (Dkt. No. 24), and **DISMISSES** Plaintiff's state law claims without prejudice.

**AND IT IS SO ORDERED.**

      s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

February 18, 2026
Charleston, South Carolina